J-A08029-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE, LLC, D/B/A CHAMPION MORTGAGE COMPANY, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| LEE AUDREY WILLIAMS AND GEORGE E. WILLIAMS | : : : | |
| APPEAL OF: LEE AUDREY WILLIAMS | : | No. 1742 EDA 2015 |

Appeal from the Judgment Entered May 4, 2015
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): July Term, 2013 No. 4566

BEFORE:    BOWES, OLSON, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:**FILED SEPTEMBER 12, 2016**

I respectfully dissent.

The fundamental rule in construing a contract is to ascertain and give effect to the intention of the parties. *Lower Frederick Township v. Clemmer*, 43 A.2d 502 (Pa. 1988). The intention of the parties must be ascertained from the document itself, if its terms are clear and unambiguous. *Hutchison v. Sunbeam Coal Corp.,* 519 A.2d 385 (Pa. 1986). Further, it is well-settled that

> the intent of the parties to a written contract is to be regarded as being embodied in the writing itself, and when the words are clear and unambiguous the intent is to be discovered only from the express language of the agreement. As this Court [has] stated…, [w]hen a written contract is clear and unequivocal, its meaning must be determined by its contents alone. It speaks for itself and a meaning cannot be given to it other than that expressed. Where the intention of the parties is clear, there is no need to resort to extrinsic aids or evidence. Hence, where language is clear and unambiguous, the focus of interpretation is

*Retired Senior Judge assigned to the Superior Court.

upon the terms of the agreement as *manifestly expressed*, rather than as, perhaps, silently intended.

**Steuart v. McChesney,** 444 A.2d 659, 661 (Pa. 1982) (citations omitted; emphasis in original).

Instantly, the first page of the mortgage document states as follows: "The mortgagor is [decedent], as to a life estate interest and [Appellant] and George E. Williams, as to the remainder, whose address is 5918 Larchwood Avenue, Philadelphia, Pennsylvania 19143 ("Borrower")." Mortgage, 3/9/2010, at 1. All three named borrowers signed this document. *Id.* at 8. The above-quoted language is unequivocal: Appellant was intended as a borrower under the terms of the mortgage. Therefore, the court erred in relying on extrinsic evidence to determine the parties' intent.

Even if there were some ambiguity with respect to this mortgage language, "[a]s a general rule, agreements will be construed against the drafter when terms are ambiguous." **Gallagher v. Fidelcor, Inc.**, 657 A.2d 31, 34 (Pa. Super. 1995). Construing the terms of the mortgage against Nationstar compels the same result: Appellant is a named borrower and is therefore entitled to remain in the property.

Accordingly, because I believe the trial court committed an error of law in going outside of the mortgage document to ascertain its meaning, I would reverse the trial court order.